# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2607 | **DATE** | 3/7/2012 |
| **CASE TITLE** | Finley vs. Board of Education of the City of Chicago et al. | | |

**DOCKET ENTRY TEXT**

This case is dismissed without prejudice. All pending motions are denied as moot. Civil case terminated. *See Statement section of this order for details.*

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Rodney S. Finley filed this case on April 18, 2011. He alleges that the Chicago Public Schools (he should have named the Board of Education of the City of Chicago (the Board)), Brennemann School (which is not a suable entity because it is not an "employer"[1]) and Sarah Abedelah (who is not a proper defendant because she is not an "employer"[2]) discriminated against him on June 3, 2010 on the basis of disability in violation of the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq*. He alleges that the Board did not hire him because he informed the deciding official, Abedelah, that he was responsible for the care of disabled elderly relatives. The Board has answered and asserted numerous affirmative defenses, including lack of jurisdiction because Finley has failed to receive a notice of right to sue as required by 42 U.S.C. § 2000e-5(f)(1).

In response to a direction from the court that Finley clarify whether he filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) or its cooperating state agency, the Illinois Department of Human Rights, Finley states that he was advised by his union representative to file with the Board's Equal Opportunity Compliance Office. He filed a complaint with that office and, in mid-April 2011, he was notified that the Office had made a determination that his complaint was unfounded. Rather than file a charge at that time, he filed this lawsuit. He asserts that he received a "runaround" from the Board in order to discourage him from filing a charge with the proper governmental agency.

Title VII and other similar anti-discrimination laws "require that a plaintiff's claims first be presented to the [EEOC]." *Gorence* v. *Eagle Food Ctrs., Inc.*, 242 F.3d 759, 763 (7th Cir. 2001); *see* 42 U.S.C. § 12117(a) (incorporating remedies and procedures under Title VII). "Failure to file a timely charge with the EEOC precludes a subsequent lawsuit under Title VII." *Salas* v. *Wisc. Dept. of Corr.*, 493 F.3d 913, 921 (7th Cir. 2007) (citing *Beamon* v. *Marshall & Ilsley Trust Co.,* 411 F.3d 854, 860 (7th Cir. 2005)). "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a

| STATEMENT |
|---|

requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes* v. *Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982).

Inasmuch as Finley concedes that he has not filed a charge and the Board has asserted an affirmative defense of lack of jurisdiction,[3] this case must be dismissed without prejudice to Finley's refiling once he has filed a charge and received a notice of right to sue. Whether there is reason to extend the time for filing a charge because of conduct of the Board is a question for another day.

1. "The term 'employer' means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year[.]" 42 U.S.C. § 12111(5).

2. *See E.E.O.C.* v. *AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 & n.10 (7th Cir. 1995) (holding that a company's chief executive officer did not meet the statutory definition of "employer" and thus could not be liable under the Americans with Disabilities Act.)

3. As stated above, failure to file a charge does not deprive the court of jurisdiction; rather, it is an affirmative defense that can be waived or forfeited. Here, it has been neither waived nor forfeited and is, therefore, a complete defense.